# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD IBUADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL PRISON ATWATER, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-00651-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF No. 11)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Gerald Ibuado ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

　　　　On August 17, 2022, the Court screened the complaint and granted Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 10.)

　　　　Currently before the Court is Plaintiff's motion for an extension of time to file his amended complaint, filed September 19, 2022. (ECF No. 11.) Plaintiff requests more time to do all of his paperwork, and states that he could not make the deadline because he was in Detox and just got out. Plaintiff also requests that the Court send the form again, apparently in reference to the amended complaint form. (*Id.*) Plaintiff does not specify how much additional time he requires to complete his amended complaint.

　　　　Having considered the request, the Court finds good cause to grant the requested extension of time. Fed. R. Civ. P. 6(b). The Court finds that an extension of thirty days is appropriate under the circumstances.

　　　　Plaintiff is reminded that his first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's

1

constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time, (ECF No. 11), is GRANTED;
2. The Clerk's Office shall send Plaintiff a complaint form and a copy of the Court's August 17, 2022 screening order, (ECF No. 10);
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint, **not to exceed twenty-five (25) pages**, curing the deficiencies identified by the Court's August 17, 2022 screening order (or file a notice of voluntary dismissal); and
4. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **September 20, 2022**            /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE