# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD IBUADO,<br><br>                       Plaintiff,<br><br>      v.<br><br>FEDERAL PRISON ATWATER, *et al.*,<br><br>                       Defendants. | Case No.: 1:22-cv-00651-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Gerald Ibuado ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court screened Plaintiff's complaint, and he was granted leave to amend. Plaintiff's first amended complaint, filed on October 21, 2022, is currently before the Court for screening. (ECF No. 13.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently out of custody. The events in the complaint are alleged to have occurred while Plaintiff was in custody at the United States Penitentiary at Atwater, California. Plaintiff names as defendants: (1) Federal Prison Atwater, (2) Mr. Zargoza, Lieutenant in the SHU, (3) Mr. Lavya, Correctional Officer, (4) Mr. Placenica, Medical Staff member, (5) Dr. Pattengi, medical staff, and (6) Mr. Hanson, administration.

In claim 1, Plaintiff alleges as follows:

> Administration denied my complaint due to the side effects of Trazadone I was taking for my PTSD. Medical Staff did not listen to me due to side effects from the prescribed medication Trazadone. I was refused medical attention due to my side effects. I put in for medical on many occasions. I had severe side effects. I did stop the medication but I still had severe side effects. I went from Corrections Officers to medical staff. They would not listen to the pain I had and the sever [sic] erection I had due to the side effects. I did comply with all that was told to me and also the consent I signed. They rejected all my complaints I have all those rejections complaints. On Dec. 1, 2020 I finally told pill line and I finally was taken to emergency room for further treatment on that day. [unedited text.]

In claim 2, Plaintiff alleges as follows:

> Another rejection form that I put in. They denied my treatment due to side effects

from the medication Trazadone. Administrative Remedy Coordinator denied my claim. I put in for treatment again. No response to my claim. They would not listen to me again. I could not stand the pain anymore. All that they would give me is ibuprofen which did not help me at all. The erection was severe so much in pain in my penis was already purple in coloration. And they all knew this. And they ignored my request. I could not stand the pain no more. I told the CO what was going on. I kept going to medical and they just ignored me. I need to have four surgeries all because no one would listen to me. I still suffer from all this. It was wrong for them to ignore me on this. I can't function right due to all that happened at Atwater. My sufferings are severe. I'm still having to go to Drs. including Nuerologist [sic]. I have to go to counseling. [unedited text.]

### III.     Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.

### A.     Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened, or which defendant was involved. Plaintiff does not allege what each Defendant did which violated his rights. Plaintiff was informed in the Court's screening order that if Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8. Plaintiff has been unable to cure this deficiency.

### B.     Supervisory Liability

To the extent Plaintiff seeks to hold any defendant liable based solely upon their

supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff attempts to link supervisors by direct participation. But Plaintiff has failed to allege what each supervisor did or did not do which allegedly violated Plaintiff's constitutional rights.

**C.** **Linkage**

The Civil Rights Act, 42 U.S.C. §1983, requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The amended complaint contains fewer allegations linking defendants to alleged violation than did the original complaint. In fact, Plaintiff fails to link any named Defendant to any

conduct which allegedly violated Plaintiff's constitutional rights.

**D.**     ***Bivens* Actions Following *Ziglar v. Abbasi***

Plaintiff was a federal prisoner and his claims proceed under *Bivens*. To date, the Supreme Court has only recognized a *Bivens* remedy in the context of the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017) (citations omitted); *see Egbert v. Boule*, - U.S. -, 142 S. Ct. 1793, 1797, 213 L.Ed.2d 54 (2022) (The Court reiterated that "a cause of action under *Bivens* is 'a disfavored judicial activity.")

Traditionally, courts applied a two-part test to determine the appropriateness of extending a *Bivens* cause of action. First, the Court examined whether the claim arises in a "new context" or involves a "new category of defendants." *Hernandez v. Mesa*, 140 S. Ct. 735, 743, 206 L. Ed. 2d 29 (2020). Second, if the claim does indeed arise in a new context, the Court assessed whether there exists any "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S. Ct. at 1857 (internal quotations omitted). However, the Supreme Court recently reformulated this test. In *Egbert v. Boule*, 142 S.Ct. 1793, 1803 (2022), the Supreme Court determined that these two steps can be distilled to one single inquiry; that is, "whether there is any reason to think that Congress might be better equipped to create a damages remedy." Further, the Court specified that if there is even one rational reason to defer to Congress to afford a remedy, then "a court may not recognize a Bivens remedy." *Id.* Practically, the Court concluded that a rational reason for deference to Congress will exist "in most every case." *Id.*

Finally, the presence of an alternative remedial structure counsels against extending *Bivens* to a new cause of action. The Court may not even determine the adequacy of the alternative remedy, as this too is a task left to Congress. *Egbert v. Boule*, 142 S.Ct at 1807. Indeed, "[s]o long as

Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.* This remains true "even if a court independently concludes that the Government's procedures are 'not as effective as an individual damages remedy.' " *Id.* (quoting *Bush v. Lucas*, 462 U.S. 367, 372 (1983)).

In the instant case, Plaintiff's medical claim does not present a new *Bivens* context. In *Carlson v. Green*, the Supreme Court found that there was an available *Bivens* remedy for a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment. *Carlson v. Green*, 446 U.S. 14 (1980). The Court will therefore consider whether Plaintiff states a cognizable claims Under the Eighth Amendment.

### E.     Eighth Amendment - Denial of Medical Care

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter*

*Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff fails to state a cognizable Eighth Amendment claim.  Plaintiff has stated a serious medical need:  he had side effects from medication which was causing a painful erection.  But Plaintiff fails to allege that any Defendant's response was deliberately indifferent.  Plaintiff alleges he was in pain, but he does not allege who he told he had pain and what that Defendant's response was to that pain. Plaintiff alleges he told "a CO what was going on," but does not allege what the CO did in response, or if the CO is one of the named Defendants. Plaintiff alleges he went to medical, but does not allege who in medical he spoke with and what that person's response was to his complaints.

In the attachment to the first amended complaint,[1] Plaintiff first complained of pain on November 29, 20200.  He was instructed to stop taking Trazodone, and given Ibuprofen 800 mg.  When Plaintiff complained of pain again on December 1, 2020, Plaintiff was transported to the emergency room on December 1, 2020.  The attachment does not lend clarification as to which of the Defendants were involved.  Plaintiff fails to state what happened as to his care, how long was the delay and who was involved.  Despite being provided the relevant pleading standards and instructed to identify which Defendant(s) violated his rights, Plaintiff has been unable to cure this deficiency.

### F.     No *Bivens* Action against a Federal Agency

Plaintiff names as a defendant the Federal Penitentiary at Atwater.  A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Rather, under *Bivens*, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. *See Bivens*, 403 U.S. at 397.  There is no respondeat superior liability under *Bivens*. *Iqbal*, 556 U.S. at 676-77 ("In

---

[1] The Court considers the complaint itself and exhibits filed concurrently with the complaint. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[courts] not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint") (citations omitted).

a § 1983 suit or a *Bivens* action ... the term "supervisory liability" is a misnomer.") A government official is only liable for his or her own misconduct. *Id.*; *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 566 U.S. 982 (2012); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).

Because there is no vicarious liability in a *Bivens* claim, Plaintiff cannot maintain a claim against Federal Prison in Atwater under respondeat superior. *See Ward v. Nat'l R.R. Corp.*, 2018 WL 2966962, at *2 (E.D. Cal. June 8, 2018).

## IV.     Conclusion and Order

For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

IT IS HEREBY FURTHER RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **November 8, 2022**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE