# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD IBUADO,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL PRISON ATWATER, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-00651-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 15)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Gerald Ibuado ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

On November 8, 2022, the undersigned screened Plaintiff's first amended complaint and found that it failed to state a cognizable claim for relief. (ECF No. 14.) The undersigned further recommended that this action be dismissed based on Plaintiff's failure to state claim a cognizable claim upon which relief may be granted. (*Id.*) Plaintiff was directed to file any objections to the findings and recommendations within fourteen days. (*Id.*)

Currently before the Court is Plaintiff's motion for an extension of time and request for appointment of counsel, filed November 28, 2022. (ECF No. 15.) Plaintiff states that he needs an extension because he does not have counsel and he does not read or write. Plaintiff states that

1    he does not understand what the Court wants or needs from him to continue his case, he does not

2    understand what the denial is about, and he does not understand the law.  Plaintiff does not have

3    income and cannot find an attorney that practices in California.  Plaintiff states that he has

4    enclosed copies and letters from his psychiatrist, Dr. Penn, stating that he does not read or write.[1]

5    It appears Plaintiff has also attached a letter from his wife, which also states that Plaintiff needs

6    help with reading and writing and that they cannot afford a lawyer to represent Plaintiff.  (*Id.*)

7         With respect to Plaintiff's request for appointment of counsel, Plaintiff is informed that he

8    does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113

9    F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir.

10   1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C.

11   § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).

12   However, in certain exceptional circumstances the court may request the voluntary assistance of

13   counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

14         Without a reasonable method of securing and compensating counsel, the Court will seek

15   volunteer counsel only in the most serious and exceptional cases.  In determining whether

16   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

17   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

18   complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

19         The Court has considered Plaintiff's request, but does not find the required exceptional

20   circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,

21   would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed

22   almost daily by prisoners and former prisoners with limited education.  These plaintiffs also must

23   litigate their cases without the assistance of counsel.

24         Furthermore, at this stage in the proceedings, the Court cannot make a determination that

25   Plaintiff is likely to succeed on the merits.  The Court has screened Plaintiff's first amended

26   complaint and found that it does not state a cognizable claim for relief, indicating a low likelihood

27

28   [1] The Court notes, however, that no such letter is attached to the filing.

of success on the merits.

Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Although Plaintiff claims that he cannot read or write, Plaintiff has previously filed a complaint, three motions to proceed *in forma pauperis*, a motion for extension of time to file a first amended complaint, and a first amended complaint, but has never previously stated that he was unable to read or write. Based on these filings, it does not appear that Plaintiff has previously had any difficulty reading, understanding, or responding in writing to the Court's orders.

However, in an abundance of caution, and in light of Plaintiff's *pro se* status, the Court finds good cause to grant the requested extension of time. Fed. R. Civ. P. 6. Although Plaintiff has not specified the length of extension required, the Court finds that an extension of thirty days is sufficient for Plaintiff to receive the Court's order and file any objections to the pending findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, (ECF No. 14), is DENIED, without prejudice;
2. Plaintiff's motion for extension of time, (ECF No. 14), is GRANTED; and
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file his objections, if any, to the November 8, 2022, findings and recommendations.

IT IS SO ORDERED.

Dated:  **November 29, 2022**              /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE