# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD IBUADO, | Case No. 1:22-cv-00651-AWI-BAM (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE, CONSTRUED AS A MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| FEDERAL PRISON ATWATER, *et al.*, | (ECF No. 17) |
| Defendants. | ORDER VACATING FINDINGS AND RECOMMENDATIONS |
| | (ECF No. 14) |
| | ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Gerald Ibuado ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

On November 8, 2022, the Court screened Plaintiff's first amended complaint and issued findings and recommendations that this action be dismissed for failure to state a cognizable claim upon which relief may be granted. (ECF No. 14.) Plaintiff was directed to file any objections to the findings and recommendations within fourteen (14) days. Following an extension of time, Plaintiff's objections were due on or before January 3, 2023. (ECF No. 16.)

///

On January 10, 2023, Plaintiff filed a "Motion for Continuance." (ECF No. 17.) In his motion, Plaintiff requests that the Court allow his case to proceed, and provides additional factual information linking some of the named defendants to the allegations in the first amended complaint. (*Id.*)

Although Plaintiff has not specifically requested further leave to amend, and the filing is untimely if intended to be Plaintiff's objections, in light of Plaintiff's *pro se* status and the new factual allegations the Court finds it appropriate to vacate the pending findings and recommendations. Plaintiff's motion for continuance is construed as a motion for leave to file an amended complaint, and Plaintiff is granted leave to file a second amended complaint that incorporates the factual allegations included in the motion for continuance. The Court will screen the second amended complaint in due course to determine whether it states a cognizable claim for relief.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for continuance, (ECF No. 17), is construed as a motion for leave to file an amended complaint;
2. Plaintiff's motion for leave to file an amended complaint, (ECF No. 17), is GRANTED;

///

3. The findings and recommendations issued on November 8, 2022, (ECF No. 14), are VACATED;
4. The Clerk's Office shall send Plaintiff a complaint form;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
6. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated:   **January 10, 2023**           /s/ *Barbara A. McAuliffe*
                                                                      UNITED STATES MAGISTRATE JUDGE