# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD IBUADO, | Case No.: 1:22-cv-00651-AWI-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE |
| v. | |
| FEDERAL PRISON ATWATER, *et al.*, | |
| Defendants. | (ECF No. 18) |
| | **FOURTEEN (14) DAY DEADLINE** |

**I.  Background**

Plaintiff Gerald Ibuado ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

On November 8, 2022, the Court screened Plaintiff's first amended complaint and issued findings and recommendations that this action be dismissed for failure to state a cognizable claim upon which relief may be granted. (ECF No. 14.) On January 10, 2023, Plaintiff filed a motion requesting that the Court allow his case to proceed, and providing additional factual information linking some of the named defendants to the allegations in the first amended complaint. (ECF No. 17.) In light of Plaintiff's *pro se* status and the new factual allegations, the Court found it appropriate to vacate the pending findings and recommendations and grant Plaintiff leave to file a second amended complaint that incorporates the new factual allegations. (ECF No. 18.) Plaintiff was expressly warned that failure to file a second amended complaint would result in dismissal of this action, with prejudice, for failure to obey a court order and failure to state a claim. (*Id.* at 3.)

Plaintiff's second amended complaint was due on or before February 13, 2023. The deadline has expired, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

As such, the first amended complaint remains the operative complaint for screening purposes.

## II. Failure to State a Claim

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently out of custody. The events in the complaint are alleged to have occurred while Plaintiff was in custody at the United States Penitentiary at Atwater, California.

2

Plaintiff names as defendants: (1) Federal Prison Atwater, (2) Mr. Zargoza, Lieutenant in the SHU, (3) Mr. Lavya, Correctional Officer, (4) Mr. Placenica, Medical Staff member, (5) Dr. Pattengi, medical staff, and (6) Mr. Hanson, administration.

In claim 1, Plaintiff alleges as follows:

> Administration denied my complaint due to the side effects of Trazadone I was taking for my PTSD. Medical Staff did not listen to me due to side effects from the prescribed medication Trazadone. I was refused medical attention due to my side effects. I put in for medical on many occasions. I had severe side effects. I did stop the medication but I still had severe side effects. I went from Corrections Officers to medical staff. They would not listen to the pain I had and the sever erection I had due to the side effects. I did comply with all that was told to me and also the consent I signed. They rejected all my complaints I have all those rejection complaints. On Dec. 1, 2020 I finally told pill line and I finally was taken to emergency room for further treatment on that day.

(ECF No. 13, pp. 3–4 (unedited text).)

In claim 2, Plaintiff alleges as follows:

> Another rejection form that I put in. They denied my treatment again due to side effects from the medication Trazadone. Administrative Remedy Coordinator denied my claim. I put in for treatment again. No response to my claim. They would not listen to me again. I could not stand the pain anymore. All that they would give me is ibuprofen which did not help me at all. The erection was severe so much in pain my penis was already purple in coloration. And they all knew this. And they ignored my request. I could not stand the pain no more. I told the CO what was going on. I kept going to medical and they just ignored me. I need to have four surgeries all because no one would listen to me. I still suffer from all this. It was wrong for them to ignore me on this. I can't function right due to all that happened at Atwater. My sufferings are severe. I'm still having to go to Drs. including Nuerologist. I have to go to counseling.

(*Id.* at 4–5 (unedited text).)

**C.     Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.

**1.     Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations

3

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened, or which defendant was involved. Plaintiff does not allege what each Defendant did which violated his rights. Plaintiff was informed in the Court's screening order that if Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8. Plaintiff has been unable to cure this deficiency.

**2. Supervisory Liability**

To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646

(9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff attempts to link supervisors by direct participation. But Plaintiff has failed to allege what each supervisor did or did not do which allegedly violated Plaintiff's constitutional rights.

### 3. Linkage

The Civil Rights Act, 42 U.S.C. § 1983, requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The amended complaint contains fewer allegations linking defendants to alleged violation than did the original complaint. In fact, Plaintiff fails to link any named Defendant to any conduct which allegedly violated Plaintiff's constitutional rights.

### 4. *Bivens* Actions Following *Ziglar v. Abbasi*

Plaintiff was a federal prisoner and his claims proceed under *Bivens*. To date, the Supreme Court has only recognized a *Bivens* remedy in the context of the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017) (citations omitted); *see Egbert v. Boule*, 142 S.Ct. 1793, 1797 (2022) (The Court reiterated that "a cause of action under *Bivens* is 'a disfavored judicial activity.").

5

Traditionally, courts applied a two-part test to determine the appropriateness of extending a *Bivens* cause of action. First, the Court examined whether the claim arises in a "new context" or involves a "new category of defendants." *Hernandez v. Mesa*, 140 S.Ct. 735, 743 (2020). Second, if the claim does indeed arise in a new context, the Court assessed whether there exists any "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S.Ct. at 1857 (internal quotations omitted). However, the Supreme Court recently reformulated this test. In *Egbert*, 142 S.Ct. at 1803, the Supreme Court determined that these two steps can be distilled to one single inquiry; that is, "whether there is any reason to think that Congress might be better equipped to create a damages remedy." Further, the Court specified that if there is even one rational reason to defer to Congress to afford a remedy, then "a court may not recognize a Bivens remedy." *Id.* Practically, the Court concluded that a rational reason for deference to Congress will exist "in most every case." *Id.*

Finally, the presence of an alternative remedial structure counsels against extending *Bivens* to a new cause of action. The Court may not even determine the adequacy of the alternative remedy, as this too is a task left to Congress. *Egbert*, 142 S.Ct at 1807. Indeed, "[s]o long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.* This remains true "even if a court independently concludes that the Government's procedures are 'not as effective as an individual damages remedy.'" *Id.* (quoting *Bush v. Lucas*, 462 U.S. 367, 372 (1983)).

In the instant case, Plaintiff's medical claim does not present a new *Bivens* context. In *Carlson v. Green*, the Supreme Court found that there was an available *Bivens* remedy for a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment. *Carlson v. Green*, 446 U.S. 14 (1980). The Court will therefore consider whether Plaintiff states a cognizable claim under the Eighth Amendment.

      **5.**      **Eighth Amendment – Denial of Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate

6

indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff has stated a serious medical need: he had side effects from medication which was causing a painful erection. But Plaintiff fails to allege that any Defendant's response was deliberately indifferent. Plaintiff alleges he was in pain, but he does not allege who he told he had pain and what that Defendant's response was to that pain. Plaintiff alleges he told "a CO what was going on," but does not allege what the CO did in response, or if the CO is one of the named Defendants. Plaintiff alleges he went to medical, but does not allege who in medical he spoke with and what that person's response was to his complaints.

In the attachment to the first amended complaint,[1] Plaintiff first complained of pain on

---

[1] The Court considers the complaint itself and exhibits filed concurrently with the complaint. Fed. R. Civ. P. 10(c)

1   November 29, 2020.  He was instructed to stop taking Trazodone, and given Ibuprofen 800 mg.

2   When Plaintiff complained of pain again on December 1, 2020, Plaintiff was transported to the

3   emergency room on December 1, 2020.  The attachment does not lend clarification as to which of

4   the Defendants were involved.  Plaintiff fails to state what happened as to his care, how long was

5   the delay and who was involved.  Despite being provided the relevant pleading standards and

6   instructed to identify which Defendant(s) violated his rights, Plaintiff has been unable to cure this

7   deficiency.

### 6. No *Bivens* Action against a Federal Agency

Plaintiff names as a defendant the Federal Penitentiary at Atwater.  A *Bivens* claim is not available against a federal agency.  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994).  Rather, under *Bivens*, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  *See Bivens*, 403 U.S. at 397.  There is no respondeat superior liability under *Bivens*.  *Iqbal*, 556 U.S. at 676–77 ("In a § 1983 suit or a *Bivens* action . . . the term "supervisory liability" is a misnomer.")  A government official is only liable for his or her own misconduct.  *Id.*; *Starr v. Baca*, 652 F.3d 1202, 1205–08 (9th Cir. 2011), cert. denied, 566 U.S. 982 (2012); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).

Because there is no vicarious liability in a *Bivens* claim, Plaintiff cannot maintain a claim against Federal Prison in Atwater under respondeat superior.  *See Ward v. Nat'l R.R. Corp.*, 2018 WL 2966962, at *2 (E.D. Cal. June 8, 2018).

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

---

("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[courts] not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint") (citations omitted).

court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.      Discussion**

Here, Plaintiff's second amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's January 11, 2023 order vacating the previous findings and recommendations and granting Plaintiff an extension of time to file his second amended complaint expressly warned Plaintiff that a failure to file a second

amended complaint would result in dismissal of this action, with prejudice, for failure to obey a court order and failure to state a claim. (ECF No. 18, p. 3.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 28, 2023**          /s/ *Barbara A. McAuliffe*        
UNITED STATES MAGISTRATE JUDGE

10